IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM BRANCUCCI, PATRICK CASTELLI, and ROBERT BRYENTON <br><br> Defendants. | Civil Action No. _____ |

**COMPLAINT FOR BREACH OF GUARANTY AGREEMENT**

COMES NOW, Federal National Mortgage Association, a corporation established pursuant to 12 U.S.C. § 1716 *et seq*. ("Fannie Mae"), and files this Complaint against Defendants William Brancucci, Patrick Castelli, and Robert Bryenton (together herein referred to as "Guarantors") for breach of their guaranty agreement, respectfully showing this Honorable Court as follows:

1

## NATURE OF CASE

1.

Fannie Mae is the current owner and holder of all Loan Documents[1] (defined below) related to a Loan made by NewPoint Real Estate Capital LLC ("Original Lender" and "Original Servicer"), to Forest Meadows Holdings, LLC ("Borrower"), a nonparty to this action, on or about July 29, 2022, in the amount of $15,592,000.00 (the "Loan"). Borrower obtained the Loan to finance a residential rental property, consisting of a 196-unit multifamily building, garden style property, located at 746 Garden Walk Blvd. Atlanta, Georgia, 30349 (the "Property").

2.

On July 29, 2022, Guarantors executed the Guaranty of Non-Recourse Obligations (the "Guaranty") and guaranteed repayment of the full amount of the indebtedness owed to Fannie Mae in the event of certain recourse triggers, including if the Borrower files for bankruptcy. A true and correct copy of the Guaranty is attached as Exhibit 1.

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Loan Documents.

3.

On May 5, 2025, Borrower filed a Voluntary Petition for Bankruptcy pursuant to Chapter 11 of the United States Bankruptcy Code in *In re Forest Meadows Holdings, LLC*, Case Number: 25-54944 pending before the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division ("Bankruptcy Case"). A true and correct copy of the Bankruptcy Petition filed by Borrower is attached hereto as Exhibit 2.

4.

Notwithstanding the Bankruptcy Case, the Guarantors remain fully liable to Fannie Mae as the Guarantors are not in bankruptcy nor are they listed as debtors in the Bankruptcy Case. To be clear, the Bankruptcy Case does not stay Fannie Mae's right to pursue the Guarantors in a separate proceeding.

**PARTIES**

5.

Plaintiff Fannie Mae is the current owner and holder of the Loan and the Loan Documents (as such terms are defined herein).

6.

Fannie Mae is a government-sponsored enterprise and a federally chartered entity that Congress created to enhance the nation's housing-finance market. *See* 12 U.S.C. § 1716 *et seq*. Under its federal charter, Fannie Mae's purpose is "to establish

3

secondary market facilities for residential markets" and to "promote access to mortgage credit throughout the Nation." *Id*. "[T]he continued ability of [Fannie Mae] to accomplish [its] public mission[] is important to providing housing in the United States and the health of the Nation's economy… ." 12 U.S.C. § 4501(2).

7.

Fannie Mae is organized and existing under the laws of the United States with its principal place of business at 1100 15th Street, NW, Washington, DC 20005. 12 U.S.C. § 1717(a)(2)(B).

8.

Defendant William Brancucci is a guarantor of the Loan pursuant to the Guaranty and upon information and belief is a resident of New York and may be served at 1120 Avenue of the Americas, 4th Floor New York, New York 10036.

9.

Defendant Patrick Castelli is a guarantor of the Loan pursuant to the Guaranty and upon information and belief is a resident of Florida and may be served at 1130 NE 24th Street Pompano Beach, Florida, 33064.

10.

Defendant Robert Bryenton is a guarantor of the Loan pursuant to the Guaranty and upon information and belief is a resident of North Carolina and may be served at 38 Versailles Lane, Asheville, North Carolina 28804.

## JURISDICTION AND VENUE

11.

This Court has jurisdiction over this matter as the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. 28 U.S.C. § 1332. Specifically, the Defendants are citizens of New York, Florida, and North Carolina; and Fannie Mae "shall be deemed, for purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation." 12 U.S.C. § 1717(a)(2)(B).

12.

The Court has personal jurisdiction over the Guarantors under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this jurisdiction. This Court also has personal jurisdiction over the Guarantors because the Guarantors consented to and agreed in the Guaranty that this Court has exclusive jurisdiction over controversies arising under the Guaranty. *See* Exhibit 1, § 20.

13.

Venue is proper because a substantial number of facts giving rise to Fannie Mae's suit occurred in this division of the Northern District of Georgia, the Property is located in the Northern District of Georgia, and the Guarantors agreed that

controversies arising under the Guaranty will be litigated exclusively in this jurisdiction in which the Property is located. *Id*.

## BACKGROUND REGARDING THE LOAN

14.

On or about July 29, 2022, NewPoint Real Estate Capital LLC ("Original Lender" and "Original Servicer"), made a loan to Borrower in the amount of $15,592,000.00 (the "Loan").

15.

Borrower's Indebtedness under the Loan is evidenced by that certain Multifamily Note dated July 29, 2022 (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit 3. The Loan and Note are governed by that certain Multifamily Loan and Security Agreement (Non-Recourse) dated July 29, 2022 (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as Exhibit 4.

16.

To secure repayment of the Indebtedness evidenced in the Note and performance of all covenants and conditions contained therein, Borrower also executed a Multifamily Deed to Secure Debt, Assignment of Leases and Rents, Security Agreement and Fixture Filing (Georgia) dated July 29, 2022 in the amount of $15,592,000.00 in favor of Original Lender (the "Mortgage"), which was duly

recorded in the Office of the Register of Deeds for the County of Clayton, Georgia on July 29, 2022, at Deed Book 13071, Page 574. A true and correct copy of the Mortgage is attached hereto as Exhibit 5.

17.

The Mortgage also grants a security interest in all U.C.C. Collateral, Improvements, and Personalty, as those terms are defined in the Mortgage (the "Personal Property"). *See* Exhibit 5, § 2. Such security interest has been perfected by the Financing Statement naming Borrower as debtor and Fannie Mae as creditor, as filed with the Secretary of State of Delaware on July 29, 2022 U.C.C. Initial Filing Number 2022 6371421 (the "Financing Statement"). A true and correct copy of the Financing Statement is attached hereto as Exhibit 6. Such security interest was also perfected by the Security Agreement contained within the Mortgage granting Original Lender a continuing security interest in the UCC Collateral. The security interest constitutes a security agreement and a financing statement under the UCC. The security instrument also constitutes a financing statement pursuant to the terms of the UCC with respect to any part of the Mortgaged Property that is or may become a Fixture under applicable law, and will be recorded as a "fixture filing" in accordance with the UCC. *See* Exhibit 5, §2(a).

18.

Original Lender transferred its right, title, and interest in the Mortgage to Fannie Mae pursuant to that certain Assignment of Multifamily Deed to Secure Debt, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated July 29, 2022. A true and correct copy of the Assignment of Multifamily Deed to Secure Debt, Assignment of Leases and Rents, Security Agreement and Fixture Filing is attached hereto as Exhibit 7. Original Lender also transferred its right, title, and interest in all documents and instruments executed and/or delivered in connection with the Loan or related thereto to Fannie Mae pursuant to that certain Assignment of Collateral Agreements and Other Loan Documents dated July 29, 2022. A true and correct copy of the Assignment of Collateral Agreements and Other Loan Documents is attached hereto as Exhibit 8 (collectively, the Assignment of Multifamily Deed to Secure Debt, Assignment of Leases and Rents, Security Agreement and Fixture Filing and Assignment of Collateral Agreements and Other Loan Documents are referred to as "Assignments").

19.

Hereinafter, the Guaranty, Note, Loan Agreement, Mortgage, Financing Statement, and Assignments to Fannie Mae are referred to collectively, where appropriate, as the "Loan Documents."

20.

Borrower has defaulted on its obligations under Loan Documents evidencing and/or securing the Loan.

21.

Pursuant to the Guaranty, the Guarantors absolutely, unconditionally, and irrevocably guaranteed, whether at maturity or earlier, the full and prompt payment and performance of: "all amounts, obligations and liabilities owed to Lender under Article 3 (Personal Liability) of the Loan Agreement (including the payment and performance of all indemnity obligations of Borrower described in Section 3.03 (Personal Liability for Indemnity Obligations) of the Loan Agreement….". *See* Ex. 1, §3(a).

22.

The Guarantors also guaranteed all costs and expenses, including reasonable attorneys' fees incurred in connection with enforcement of the Guaranty. *Id*. at §3(b).

23.

Guarantors' obligation is independent and survives any foreclosure event. *Id*. at §4.

24.

Article 3(b) of the Loan Agreement provides that the Guarantors are liable to Fannie Mae for the repayment of all of the Indebtedness (as defined in the Loan

Agreement) as a result of the occurrence of a Bankruptcy Event, which is defined as "the commencement, filing or continuation of a voluntary case or proceeding under one or more of the Insolvency Laws by Borrower." Ex. 4, Loan Agreement, Schedule 1.

## BORROWER'S DEFAULT AND NOTICE OF NONPAYMENT

25.

On March 18, 2025, Counsel for Fannie Mae sent to Borrower a Notice of Default and Acceleration ("Notice of Default"), notifying Borrower *inter alia*, of the various Events of Default. Importantly, the Notice of Default accelerated the Loan. A true and correct copy of the Notice of Default is attached hereto as Exhibit 9.

26.

To date, Borrower has not complied with the demands set forth in the Notice of Default.

27.

On March 24, 2025, Borrower, Key Principals (who are the named Defendants herein), and Fannie Mae ("Parties") entered into a Pre-negotiation Letter ("PNL") in which Borrower acknowledged the Loan was in default and the Loan was properly accelerated by Fannie Mae. The Borrower and Defendants herein also waived all claims and defenses to Fannie Mae enforcing its rights under the Loan Documents. A true and correct copy of the PNL is attached hereto as Exhibit 10.

28.

The unpaid principal balance as of March 1, 2025, is approximately $15,592,000.00. Borrower has incurred interest for the period of March 1, 2025 through May 31, 2025 on said unpaid principal in the amount of $192,457.26, and default interest for the period of March 18, 2025 through May 6, 2025 in the amount of $86,622.24. In addition to the interest, Borrower has also incurred legal fees in the amount of $120,000.00. The Third Party Fees are $16,300.00. The Payoff Processing Fee is $ 500.00. The Yield Maintenance Fee is $303,956.24. Therefore, the total amount due as principal and interest, along with fees, as of May 31st, 2025 is $16,311,835.74. In addition, Borrower is liable to Fannie Mae for any further attorneys' fees and costs incurred.

29.

To date, Borrower has not paid the entire balance of Indebtedness.

30.

On May 5, 2025, Borrower filed for bankruptcy. As a result of the Bankruptcy Case, Borrower is also in default under the Loan Documents. The bankruptcy filing constitutes a Bankruptcy Event, which is an automatic Event of Default under Section 14.01(a)(7) of the Loan Agreement.

## **GUARANTORS' LIABILITY UNDER THE GUARANTY**

31.

The filing of the Bankruptcy Case constitutes a full recourse trigger for personal liability for the Loan pursuant to Section 3.02(b)(3) of the Loan Agreement.

32.

The Guarantors are jointly and severally liable to Fannie Mae for the entire amount of the Indebtedness because of Borrower's bankruptcy pursuant to Section 3(a) and 10 of the Guaranty.

33.

The Guarantors are also personally liable for all costs and expenses, including reasonable attorneys' fees, incurred by Fannie Mae enforcing the Guaranty.

## **COUNT I: BREACH OF GUARANTY AGREEMENT**

34.

Fannie Mae incorporates the preceding paragraphs 1-33 as if fully set forth herein.

35.

The Guaranty is a duly executed, valid, and binding contract between Fannie Mae and the Guarantors, which is supported by sufficient consideration.

36.

Each of the Guarantors are jointly and severally liable under the Guaranty.

37.

Fannie Mae has performed all its obligations under the Guaranty.

38.

The Guarantors materially breached the Guaranty by failing to pay the entire amount of the Indebtedness owed under the Loan Documents.

39.

The Guarantors have no legally recognized justification or excuse for breaching the Guaranty. Under the PNL, each Guarantor waived all claims and defenses to Fannie Mae's enforcement of the Loan Documents, including the Guaranty.

40.

As a direct and proximate cause of the Guarantors' breach of the Guaranty, Fannie Mae has suffered damages in an amount in excess of $75,000.00 and is entitled to money damages, as provided in the Guaranty and as is just.

41.

The Guarantors are also liable for Fannie Mae's attorneys' fees, costs and other expenses incurred in connection with enforcement of the Guaranty.

13

## COUNT II: ATTORNEYS' FEES

42.

Fannie Mae incorporates the preceding paragraphs 1-41 as if fully set forth herein.

43.

Fannie Mae is entitled to its attorney's fees and costs pursuant to the express terms of the Guaranty.

44.

Separate and apart from its contractual right to its attorney's fees and costs, Guarantors have acted in bad faith, been stubbornly litigious, and have caused Fannie Mae unnecessary trouble and expense, thereby entitling Fannie Mae to recover its reasonable and necessary attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

## REQUESTED RELIEF

For these reasons, Fannie Mae prays that Fannie Mae be awarded judgment jointly and severally against Defendants William Brancucci, Patrick Castelli, and Robert Bryenton for damages. Fannie Mae also prays for:

a. Actual, direct, and consequential damages;

b. Pre-judgment interest and interest on the judgment; and

c. Attorneys' fees, expenses, and costs.

Fannie Mae further prays for such other and further relief to which it may show itself to be justly entitled by the facts and the law and as this Court deems just and proper.

This 21st day of May, 2025.

|  |  |
|---|---|
|  | By: /s/ *Sarah Hannah Phillips* |
|  | Nathan L. Garroway |
|  | Georgia Bar No. 142194 |
|  | Sarah Hannah Phillips |
|  | Georgia Bar No. 302869 |
|  | Alize' D. Mitchell |
|  | Georgia Bar No. 349963 |
|  | nathan.garroway@dentons.com |
|  | sarahhannah.phillips@dentons.com |
| DENTONS US LLP | alize.mitchell@dentons.com |
| 303 Peachtree Street, NE. Suite 5300 |  |
| Atlanta, GA  30308 |  |
| Telephone:  (404) 527-4000 | *Attorneys for Plaintiff* |

## **LR 7.1(D) CERTIFICATE OF FONT COMPLIANCE**

I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in Rule 5.1(C) of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, specifically Times New Roman 14 pt.

*/s/ Sarah Hannah Phillips*
Sarah Hannah Phillips